UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY RYAN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 03-CV-1769-B |
| | § | ECF |
| | § | |
| FLOWSERVE CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Leave to Withdraw Plaintiff Plumbers & Pipefitters Local Nos. 502 & 633[1] as a Named Plaintiff and for Protective Order Precluding Further Discovery of Said Plaintiff by Said Defendants (doc. 238), filed May 30, 2006, and Defendants' Motion to Dismiss Claims of Plaintiff Pipefitters Locals 522 & 633 Pension Trust Fund for Lack of Subject Matter Jurisdiction (doc. 281), filed July 13, 2006. Because Plumbers & Pipefitters should not be compelled to litigate if it does not wish to, the Court GRANTS it leave to withdraw as a named plaintiff and to become an absent class member should the Court certify a class. Because absent class members are not required to prove standing, the Court DENIES Defendants' motion.

## I. BACKGROUND

This is a securities fraud case in which lead plaintiff Alaska Electrical Pension Fund ("Alaska Electrical") and named plaintiffs Massachusetts State Carpenters Pension Plan ("Massachusetts

---

[1] Plaintiff Plumbers & Pipefitters Local Nos. 502 & 633 Pension Trust Fund ("Plumbers & Pipefitters") originally joined this action as Pipefitters Locals 522 & 633 Pension Trust Fund. Although the pension fund has not filed a motion for leave to amend to correct its name, the Court will refer to it by its current name.

1

Carpenters") and Plumbers & Pipefitters bring claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 against Flowserve Corporation ("Flowserve"); C. Scott Greer, its CEO during the class period; Renee J. Hornbaker, its CFO during the class period;[2] PricewaterhouseCoopers LLP ("PwC"), its auditors; and Banc of America Securities LLC ("BofA") and Credit Suisse First Boston LLC ("CSFB"), two of the underwriters of Flowserve's stock offerings that were made during the class period.[3]

Plaintiffs filed suit on August 7, 2003 and have repeatedly amended the pleadings to produce the Fifth Amended Complaint. Plumbers and Pipefitters became a named plaintiff in the Second Amended Complaint. (doc. 33) The current complaint includes claims against the Flowserve Defendants under § 10(b) of the 1934 Act, 15 U.S.C. § 78j, and Rule 10b-5. (Fifth Am. Compl. ¶¶ 463-472) These claims are based upon the Flowserve Defendants' alleged "material misrepresentations and/or omissions [] done knowingly or recklessly for the purpose and effect of concealing Flowserve's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities." (*Id.* ¶ 468) Plaintiffs set forth separate claims against Greer and Hornbaker as controlling persons under § 20(a) of the 1934 Act, 15 U.S.C. 78t. (*Id.* ¶¶ 473-476) The complaint also contains claims against both the Flowserve Defendants and the Underwriter Defendants under § 11 of the 1933 Act, 15 U.S.C. 77k, for their roles in the November 2001 and April 2002 offerings made under the defective registration statement. (*Id.* ¶¶ 477-493) Additionally, Plaintiffs seek to hold Greer and Hornbaker liable for wrongful conduct as controlling persons under § 15 of the 1933 Act, 15 U.S.C. § 77o. (*Id.* ¶¶ 494-497)

Although Defendants filed motions to dismiss under Rules 12(b)(6) and 9(b) of the Federal

---

[2]Flowserve, Greer, and Hornbaker will be referred to collectively as the "Flowserve Defendants."

[3]PwC, BofA, and CSFB will be referred to collectively as the "Underwriter Defendants."

Rules of Civil Procedure, the Court denied these motions in their entireties at a hearing on November 18, 2005. Only Alaska Electrical and Massachusetts Carpenters moved for class certification and to be named class representatives. The Court has not yet ruled on the class certification motion and is awaiting further briefing on the issue of whether it should certify one class or multiple classes if it decides the instant case should proceed as a class action.

Plumbers & Pipefitters now moves for leave to withdraw as a named plaintiff and instead become an absent class member. Defendants oppose Plumbers & Pipefitters's motion and instead move the Court to dismiss the pension fund's claim(s) with prejudice. Plaintiff also sought a protective order to preclude further discovery of Plumbers & Pipefitters, and the Court granted that portion of the motion in its August 3, 2006 Order. The parties have briefed the issues, and the Court now turns to the merits of its decision.

## II. ANALYSIS

Plumbers & Pipefitters moves for leave to withdraw as a named plaintiff because it did not suffer § 10(b) losses and feels that Alaska Electrical and Massachusetts Carpenters would better represent the class. (Mot. for Leave at 2-3) The pension fund explains that Federal Rule of Civil Procedure 21[4] permits the Court to drop Plumbers and Pipefitters as a named plaintiff. (*Id.* at 2) Defendants counter that the Court cannot simply allow the pension fund to withdraw as a named Plaintiff, but instead must dismiss its claim(s)[5] with prejudice for lack of standing. (Resp. at 2) Defendants respectfully suggest that Rule 41(a)(2) is the proper rule under which to evaluate

---

[4]Rule 21 states that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. 21.

[5]Defendants continue to insist that Plumbers & Pipefitters have asserted § 10(b) claims which, according to them, must be dismissed. However, only Alaska Electrical is a named plaintiff on the § 10(b) claims in every version of the complaint. Therefore, there are no § 10(b) claims brought by Plumbers & Pipefitters for the Court to address.

Plaintiff's request. (*Id.* at 11) However, the rule governing voluntary dismissal is inapplicable because Plumbers & Pipefitters does not seek to withdraw from the litigation entirely, but rather seeks to preserve its claim as an absent class member. *Ceisler v. First Pennsylvania Corp.*, 1991 U.S. Dist. LEXIS 6526, at *9-10 (E.D. Pa. May 10, 1991).

In ths instant case, Plumbers & Pipefitters did not pursue class certification and no longer wishes to take an active, representational role in the litigation. Instead, the pension fund would rather become an absent class member, retaining eligibility to recover any damages that may be awarded for the § 11 claims. Granting Plumbers & Pipefitters's request is "the appropriate and just approach if it does not wish to represent the class." *In re NeoPharm, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 5814, at *3 (E.D. Ill. Apr. 7, 2004); *Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, 1987 U.S. Dist. LEXIS 14049, at *1 (E.D. Ill. Apr. 1, 1987) ("Absent a good reason, however, a plaintiff should not be compelled to litigate if it doesn't wish to."). Therefore, the Court GRANTS Plaintiffs leave to withdraw as named plaintiffs in this suit. The Court now turns to Defendants' motion.

Defendants explain that Plumbers & Pipefitters must be dismissed for lack of standing because the pension fund cannot show through tracing that the shares it sold at a loss are the same shares it purchased in an allegedly tainted Flowserve offering. (Mot. to Dismiss at 5) The Court fully has considered Defendants' § 11 tracing argument and has concluded that it is truly an issue of proof of damages, not standing. However, even assuming that the tracing argument did go to standing, Plumbers & Pipefitters does not have to prove standing under § 11 because it is no longer a class representative and, should the Court certify a class, it will be an absent class member.

4

"[Unnamed plaintiffs][6] need not make any individual showing of standing [in order to obtain relief], because the standing issue focuses on whether the plaintiff is properly before the court, not whether represented parties or absent class members are properly before the court." *Lewis v. Casey*, 518 U.S. 343, 395 (1996) (citations omitted); *In re Dynegy, Inc. Sec. Litig.*, 226 F.R.D. 263, 274 (S.D. Tex. 2005). Thus, the Court DENIES Defendants' motion.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plumbers & Pipefitters's Motion for Leave to Withdraw as a Named Plaintiff and DENIES Defendants' Motion to Dismiss in its entirety. Plumbers & Pipefitters will become an absent class member in this suit if a class is certified.

**SO ORDERED**.

**SIGNED March 26, 2007.**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**

---

[6]While the *Lewis* court mentions unnamed plaintiffs, the Court believes that its holding is applicable to Plumbers & Pipefitters, which does not seek to serve in a representative capacity in this action and instead will become an absent class member should the Court certify a class.

5