UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JERRY RYAN, On Behalf of Himself and All Others Similarly Situated, | § § § | Civil Action No. 3:03-CV-01769-B **(Consolidated with 3:03-CV-01827-M; 3:03-CV-01846-M; 3:03-CV-02079-M)** |
| Plaintiff, | § § | **ECF** |
| vs. | § § | |
| FLOWSERVE CORPORATION, et al., | § § | |
| Defendants. | § § § | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND OPINIONS OF PROPOSED EXPERT ALLEN FERRELL**

**[REDACTED VERSION]**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................................................1

II.     LEGAL BACKGROUND ....................................................................................................2

        A.      Federal Rule of Evidence 702 and *Daubert*..............................................................3

        B.      Federal Rule of Evidence 703 ...................................................................................7

        C.      Federal Rule of Evidence 403 ...................................................................................8

III.    THE COURT SHOULD EXCLUDE THE OPINIONS AND TESTIMONY OF
        PROFESSOR FERRELL.....................................................................................................9

        A.      Professor Ferrell Ignored Information Necessary to Adequately Render
                Opinions to Assist the Trier of Fact..........................................................................9

        B.      Professor Ferrell's Testimony and Opinions Are Not the Products of
                Reliable Principles and Methods ............................................................................11

        C.      Professor Ferrell's Testimony and Opinions Are Based upon Data Derived
                Solely for the Purpose of Litigation........................................................................12

        D.      Professor Ferrell Lacks the Experience Necessary to Opine upon the
                Subjects for Which He Claims He Is an Expert.......................................................13

        E.      Because Professor Ferrell's Opinions Are Not Grounded in Custom and
                Practice, He Is Invading the Court's Province by Testifying on Issues of
                Law .........................................................................................................................15

IV.     CONCLUSION..................................................................................................................16

## TABLE OF AUTHORITIES

**Page**

## CASES

*Alfred v. Caterpillar, Inc.*,
  262 F.3d 1083 (10th Cir. 2001) .............................................................................................6

*Anderson v. Bristol Myers Squibb Co.*,
  Civil Action No. H-95-0003, 1998 U.S. Dist. LEXIS 23259
  (S.D. Tex. Apr. 20, 1998) ......................................................................................................5

*Babcock v. GMC*,
  299 F.3d 60 (1st Cir. 2002)....................................................................................................6

*Bocanegra v. Vicmar Servs.*,
  320 F.3d 581 (5th Cir. 2003) .................................................................................................5

*Brown v. Parker-Hannifin Corp.*,
  919 F.2d 308 (5th Cir. 1990) .................................................................................................8

*Burleson v. Tex. Dep't of Criminal Justice*,
  393 F.3d 577 (5th Cir. 2004) .................................................................................................5

*Curtis v. M&S Petroleum, Inc.*,
  174 F.3d 661 (5th Cir. 1999) .................................................................................................5

*Daubert v. Merrell Dow Pharms.*,
  43 F.3d 1311 (9th Cir. 1995) ...........................................................................................6, 12

*Daubert v. Merrell Dow Pharms.*,
  509 U.S. 579 (1993)....................................................................................................... *passim*

*DeLuca v. Merrell Dow Pharms., Inc.*,
  911 F.2d 941 (3d Cir. 1990)...................................................................................................7

*GE v. Joiner*,
  522 U.S. 136 (1997)...........................................................................................................3, 6

*Guillory v. Domtar Indus.*,
  95 F.3d 1320 (5th Cir. 1996) ...........................................................................................8, 12

*In re Air Crash Disaster at New Orleans*,
  795 F.2d 1230 (5th Cir. 1986) ...............................................................................................8

*In re Paoli R.R. Yard Pcb Litig.*,
  35 F.3d 717 (3rd Cir. 1994) ...................................................................................................4

*In re Sunbeam Sec. Litig.,*
    Case No. 98-8258-CIV-MIDDLEBROOKS,
    2001 U.S. Dist. LEXIS 21861 (S.D. Fla. Nov. 29, 2001)..................................................10

*Kumho Tire Co., Ltd. v. Carmichael,*
    526 U.S. 137 (1999).......................................................................................................3, 5

*Lantec, Inc. v. Novell, Inc.,*
    306 F.3d 1003 (10th Cir. 2002) ..........................................................................................6

*Launius v. Allstate Ins. Co.,*
    Civil Action No. 3:06-CV-0579-B, 2007 U.S. Dist. LEXIS 28871
    (N.D. Tex. Apr. 18, 2007)................................................................................................13

*Martinez v. Dretke,*
    H-99-3147, 2003 U.S. Dist. LEXIS 26331 (S.D. Tex. Nov. 25, 2003),
    *aff'd,* 404 F.3d 878 (5th Cir. 2005)....................................................................................4

*Michaels v. Avitech, Inc.,*
    202 F.3d 746 (5th Cir. 2000) ..............................................................................................7

*Mid-State Fertilizer Co. v. Exch. Nat'l Bank,*
    877 F.2d 1333 (7th Cir. 1989) ............................................................................................6

*Moore v. Ashland Chem., Inc.,*
    151 F.3d 269 (5th Cir. 1998) ..............................................................................................8

*Newton v. Roche Labs., Inc.,*
    243 F. Supp. 2d 672 (W.D. Tex. 2002)..........................................................................8, 12

*Parker v. Diamond Offshore Co.,*
    Civil Action No. 04-3306 Section ......................................................................................3

*PRS Benefits v. Cent. Leasing Mgmt.,*
    Civil Action No. 3:03-CV-1183-B, 2004 U.S. Dist. LEXIS 24135
    (N.D. Tex. Nov. 29, 2004)................................................................................................11

*Schmaltz v. Norfolk & W. Ry.,*
    878 F. Supp. 1119 (N.D. Ill. 1995)......................................................................................7

*Scordill v. Louisville Ladder Group, LLC,*
    Civil Action No. 02-2565 Section "R" (5), 2003 U.S. Dist. LEXIS 19052
    (E.D. La. Oct. 24, 2003)......................................................................................................6

*Seatrax, Inc. v. Sonbeck Int'l, Inc.,*
    200 F.3d 358 (5th Cir. 2000) ........................................................................................3, 13

**Page**

*Sheehan v. Daily Racing Form, Inc.*,
104 F.3d 940 (7th Cir. 1997) ...........................................................................................7

*Shelter Ins. Co. v. Ford Motor Co.*,
Civil Action No. 2:03CV150-P-A, 2006 U.S. Dist. LEXIS 15238
(N.D. Miss. Feb. 9, 2006) ...................................................................................................7

*Slaughter v. S. Talc Co.*,
919 F.2d 304 (5th Cir. 1990) .......................................................................................8, 12

*Snap-Drape, Inc. v. Comm'r*,
98 F.3d 194 (5th Cir. 1996) .............................................................................................15

*Specht v. Jensen*,
853 F.2d 805 (10th Cir. 1988) .........................................................................................15

*State of La. Chesapeake Operating, Inc. v. Richardson*,
884 So. 2d 1263 (2004)....................................................................................................15

*United States v. Eff*,
461 F. Supp. 2d 529 (E.D. Tex. 2006)...............................................................................7

*United States v. Frazier*,
387 F.3d 1244 (11th Cir. 2004),
*cert. denied*, 544 U.S. 1063 (2005)...........................................................................3, 8, 9

*United States v. Marine Shale Processors*,
81 F.3d 1361 (5th Cir. 1996) .......................................................................................8, 12

*United States v. Posado*,
57 F.3d 428 (5th Cir. 1995) ...............................................................................................8

*United States v. Sebaggala*,
256 F.3d 59 (1st Cir. 2001)................................................................................................6

*United States v. Simmons*,
470 F.3d 1115 (5th Cir. 2006),
*cert. denied*, No. 06-9562, 2007 U.S. LEXIS 8370
(June 25, 2007)............................................................................................................5, 11

*United States v. Tran Trong Cuong*,
18 F.3d 1132 (4th Cir.1994) .......................................................................................8, 12

*Viterbo v. Dow Chemical Co.*,
826 F.2d 420 (5th Cir. 1987) .............................................................................................8

**Page**

*Watkins v. Telsmith, Inc.*,
121 F.3d 984 (5th Cir. 1997) ...........................................................................................6, 12

*Wooley v. Smith & Nephew Richards, Inc.*,
67 F. Supp. 2d 703 (S.D. Tex. 1999) ...................................................................................7

*Young v. Mem'l Hermann Hosp. Sys.*,
Civil Action No. H-03-1859, 2006 U.S. Dist. LEXIS 47920
(S.D. Tex. July 14, 2006)......................................................................................................6

## STATUTES, RULES AND REGULATIONS

Securities Act of 1933
Section 11..........................................................................................................2, 9, 11, 14

Federal Rules of Evidence
Rule 401 ...........................................................................................................................3, 4
Rule 403 ...........................................................................................................................3, 8
Rule 702 ........................................................................................................................ *passim*
Rule 703 ..................................................................................................................2, 3, 7, 8
Rule 704 ...........................................................................................................................2, 3

## SECONDARY AUTHORITIES

3 *Federal Rules of Evidence Manual* (8th ed. 2006)
§702.02[7]........................................................................................................................6, 7

*Weinstein's Federal Evidence*
§702.05[2][a] ........................................................................................................................4
§702.05[2][b] ....................................................................................................................4, 6
§702.05[2][c] ........................................................................................................................6

William B. Stoebuck, *Opinions on Ultimate Facts:*
*Status, Trends, and a Note of Caution*,
41 Den. L. Cent. J. 226, 237 (1964)..................................................................................15

## I. INTRODUCTION

Lead plaintiff Alaska Electrical Pension Fund and named plaintiff Massachusetts State Carpenters Pension Fund (collectively, "plaintiffs") request the Court to exclude the testimony and opinions of defendants' proposed expert Professor Allen Ferrell.[1] Defendants propose Professor Ferrell as a purported rebuttal expert for the opinions offered by plaintiffs' expert on corporate disclosure issues, Professor Marc I. Steinberg.

The Court should exclude Professor Ferrell's opinions and testimony for several reasons. First, Professor Ferrell ignored information necessary to adequately render opinions to assist the trier of fact. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Because Professor Ferrell's opinions are based upon insufficient facts and data, the Court should exclude his testimony.

Second, Professor Ferrell's opinions and testimony are not the products of reliable principles and methods. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court cannot not allow the introduction of Professor Ferrell's opinions when they are based upon studies that are unreliable and untested.

Third, the Court should exclude Professor Ferrell's opinions and testimony because they are based upon data solely derived for the purpose of litigation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1]      Defendants are: Flowserve Corporation ("Flowserve"); Chief Executive Officer ("CEO") C. Scott Greer ("Greer"); Chief Financial Officer ("CFO") Renee J. Hornbaker ("Hornbaker"); PricewaterhouseCoopers LLP; Credit Suisse First Boston LLC ("CSFB"); and Banc of America Securities LLC ("BAS") (collectively, "defendants").

- 1 -

███████████████████████████████████████████████ Thus, Professor

Ferrell improperly attempts to provide opinions that are based upon data solely derived for the purposes of litigation.

Fourth, Professor Ferrell lacks the experience necessary to opine upon the subjects for which he claims to be an expert. For example, Professor Ferrell has never testified in any trial. Additionally, other than this case, Professor Ferrell has been deposed only a single time in his short eight-year career as a professor – in an action in which he worked with the same attorneys representing BAS and CSFB in this case. Professor Ferrell, moreover, has never taught separate courses on the issues of loss causation and §11[2] tracing – the very issues upon which he attempts to provide affirmative opinions in this case. Professor Ferrell's glaring lack of experience renders him unsuitable to provide expert opinions in this matter.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Thus, when Professor Ferrell attempts to provide opinions on questions of law without grounding his opinions upon custom and practice, he is invading on the Court's province by testifying on issues of law. For these reasons, the Court must exclude the testimony and opinions of Professor Ferrell.

## II. LEGAL BACKGROUND

Federal Rules of Evidence 702, 703 and 704 govern the admission of expert testimony.[3] The United States Supreme Court interpreted these federal rules in three seminal decisions: *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993); *GE v. Joiner*, 522 U.S. 136 (1997); and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) (collectively, the "*Daubert* trilogy").

---

[2]     "§11" refers to §11 of the Securities Act of 1933.

[3]     Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Evidence.

Rule 702 addresses an expert's qualifications to give an expert opinion and the proper subject matter of his or her testimony. Rule 703 addresses the facts and data upon which the opinion may be based. Rule 704 governs opinions on an ultimate issue. Other rules may also apply to the admission of expert testimony, including Rule 401 (the relevance rule) and Rule 403, which, among other things, compares the probative value and the unfair prejudice of proffered testimony.

## A.     Federal Rule of Evidence 702 and *Daubert*

Rule 702, enacted in 1975 and amended in 2000, codifies the *Daubert* trilogy:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Whether an expert's opinion satisfies Rule 702 and *Daubert* is a legal determination. *Daubert*, 509 U.S. at 589-91. If a proffered expert offers testimony on multiple subjects, the court must assess the expert's qualifications for each subject. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004), *cert. denied*, 544 U.S. 1063 (2005). An expert may opine only on the subjects upon which he or she has been accepted to testify. Opinions outside these topics are inadmissible because they are not helpful to the trier of fact. *Parker v. Diamond Offshore Co.*, Civil Action No. 04-3306 Section "R" (5), 2006 U.S. Dist. LEXIS 12183, at *6-*7 (E.D. La. Mar. 23, 2006); *see generally Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000) (expert in a trade-secrets case involving offshore marine cranes proffered to testify about defendant's profits from infringing activity; no error in excluding the testimony of that expert who had substantial experience in the marine industry, but no experience or training as an accountant and he did not perform an independent examination into the defendant's sales figures).

Rule 702 permits an expert's opinion that is relevant, reliable, and helpful to the trier of fact. *Daubert*, 509 U.S. at 579. The expert's testimony is helpful if it assists the jury to understand the evidence or to determine a fact in issue. *Id*. at 591. The relevance of an expert's opinion is determined by Rule 401 relevance and by the fit of the testimony. *Id*. at 591-92. Relevant evidence under Rule 401 is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. The fit of expert testimony is a higher standard than Rule 401 relevancy – it combines the relevance rules, the helpfulness language of Rule 702, and the reliability requirement of Rule 702. *Daubert*, 509 U.S. at 591-94. The "fit" requirement mandates that the proffered expert testimony be "'sufficiently tied to the facts of the case [such] that it will aid the jury in resolving a factual dispute'" or understand the evidence. *Id*. at 591. The expert's exposition is broader under the fit standard because she must fully explain her entire reasoning process and connect it to the pertinent issues. *Id*. at 591-94.

A proponent must show by a preponderance that the expert's opinion meets the three branches of reliability: foundational, methodological and connective. Rule 702; *see also Martinez v. Dretke*, H-99-3147, 2003 U.S. Dist. LEXIS 26331, at *26 (S.D. Tex. Nov. 25, 2003), *aff'd*, 404 F.3d 878 (5th Cir. 2005). The focus is the admissibility of the testimony – not its correctness – and each factor must be scrutinized carefully as "'[a]ny step that renders the analysis unreliable . . . renders the expert's testimony inadmissible.'" *Weinstein's Fed. Evid.* §702.05[2][a] n.23 (citing *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 745 (3rd Cir. 1994)).

First, "foundational reliability" requires an expert to show that his opinion is supported by an adequate foundation of relevant facts, data or other opinions. *Weinstein's Fed. Evid.* §702.05[2][b]. Second, "methodological reliability" requires the expert's opinion to be grounded in the methodology of his relevant discipline and be the product of reliable principles and methods.

*Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 587 (5th Cir. 2004). For this requirement, the Court examines only whether it was appropriate for the expert to rely upon the methodology followed and upon the sources of information employed. *Bocanegra v. Vicmar Servs.*, 320 F.3d 581, 585 (5th Cir. 2003). An expert's opinion cannot be based upon merely subjective belief or unsupported speculation. *Daubert*, 509 U.S. at 590; *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). *Daubert* offers a list of non-exclusive, non-mandatory factors bearing on the determination of reliability: (1) whether the theory or technique will be, can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error experienced in the application of the particular theory or technique; and (4) the degree of acceptance of the theory or technique in the relevant scientific community, *i.e.*, widespread versus minimal. *Daubert*, 509 U.S. at 593-94; *United States v. Simmons*, 470 F.3d 1115, 1122 (5th Cir. 2006) *cert. denied*, No. 06-9562, 2007 U.S. LEXIS 8370 (June 25, 2007).

The third branch of reliability, "connective reliability," focuses on the reasoning used by the expert to connect data or assumptions to his conclusions or opinions. This branch of reliability evaluates whether an analytical gap exists between the data and the expert's conclusions – the ability to draw appropriate conclusions from the expert's methodology. *Kumho*, 526 U.S. at 156-57; *see also Anderson v. Bristol Myers Squibb Co.*, Civil Action No. H-95-0003, 1998 U.S. Dist. LEXIS 23259, at *15 (S.D. Tex. Apr. 20, 1998) ("[A]n expert cannot simply start with reliable data and, from that data, draw any sort of conclusion. Rather, the inferential process is itself subject to *Daubert* analysis."). Accordingly, the expert must show a valid connection between the foundational data and the conclusions reached in such a way that the expert explains the how and the why behind the conclusions, including the connection between certain data to the conclusions or opinions. *Joiner*, 522 U.S. at 144; *Mid-State Fertilizer Co. v. Exch. Nat'l Bank*, 877 F.2d 1333,

1339 (7th Cir. 1989) (the expert must state both the foundation for his or her opinion and the reasoning from that foundation).

In particular cases, courts have applied additional factors to those in Rule 702. *See* 3 Stephen A. Saltzburg, *et al.*, 3 *Federal Rules of Evidence Manual* §702.02[7] (8th ed. 2006) (hereinafter "*Fed. R. Evid. Manual*"). The additional factors include: (1) the existence of standards and controls for the application of the technique the expert has applied in arriving at his or her opinion and whether the witness applied those standards and controls;[4] (2) whether the proposed testimony arises out of research conducted by the expert independent of litigation or whether it has been developed expressly for the purposes of testifying;[5] (3) whether the expert is relying on anecdotal evidence in arriving at his or her opinion;[6] (4) whether the connective aspect of the expert's opinion is actual cause-effect, or is based on mere temporal proximity (two events occurring close in time to one another);[7] (5) whether the expert has adequately accounted for obvious alternative explanations;[8] and

---

[4]     *Weinstein's Fed. Evid.* §702.05[2][c]; *see, e.g.*, *Babcock v. GMC*, 299 F.3d 60, 67-68 (1st Cir. 2002); *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1088 (10th Cir. 2001); *see also Scordill v. Louisville Ladder Group, LLC*, Civil Action No. 02-2565 Section "R" (5), 2003 U.S. Dist. LEXIS 19052, at *18 (E.D. La. Oct. 24, 2003) (citing with approval *Babcock*, and holding that the instant expert's "supplemental report provides a meaningful and reasonable explanation of how he employed his expert judgment").

[5]     *Weinstein's Fed. Evid.* §702.05[2][b]. A court typically uses this factor in its determination of foundational reliability. *Id.*; *see also Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1317 (9th Cir. 1995) (excluding plaintiff's experts' testimony on remand because their theories were developed solely for litigation and there had been no peer review of proposed testimony); *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997).

[6]     *Weinstein's Fed. Evid.* §702.05[2][b]. A court typically uses this factor in its determination of foundational reliability. *Id.*; *see also Young v. Mem'l Hermann Hosp. Sys.*, Civil Action No. H-03-1859, 2006 U.S. Dist. LEXIS 47920, at *18 (S.D. Tex. July 14, 2006); *United States v. Sebaggala*, 256 F.3d 59, 65-66 (1st Cir. 2001); *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1025-26 (10th Cir. 2002).

[7]     *Fed. R. Evid. Manual* §702.02[7]; *see, e.g.*, *Wooley v. Smith & Nephew Richards, Inc.*, 67 F. Supp. 2d 703, 710 (S.D. Tex. 1999); *Schmaltz v. Norfolk & W. Ry.*, 878 F. Supp. 1119, 1122 (N.D. Ill. 1995).

(6) whether the expert "is being as careful as he would be in his regular professional work outside

his paid litigation consulting."[9]

## B.     Federal Rule of Evidence 703

Rule 703 controls the sources and underlying information experts may use to form the

foundation of their opinions and inferences. *Daubert*, 509 U.S. at 595. Rule 703 provides:

> The facts or data in the particular case upon which an expert bases an opinion
> or inference may be those perceived by or made known to the expert at or before the
> hearing.  If of a type reasonably relied upon by experts in the particular field in
> forming opinions or inferences upon the subject, the facts or data need not be
> admissible in evidence in order for the opinion or inference to be admitted. Facts or
> data that are otherwise inadmissible shall not be disclosed to the jury by the
> proponent of the opinion or inference unless the court determines that their probative
> value in assisting the jury to evaluate the expert's opinion substantially outweighs
> their prejudicial effect.

Accordingly, Rule 703 provides a limited inquiry into the reasonableness of an expert's reliance on

the data underlying his or her opinion – "it seeks to delimit the acceptable bases for expert

testimony." *DeLuca v. Merrell Dow Pharms., Inc.*, 911 F.2d 941, 952 (3d Cir. 1990); Rule 703,

Adv. Comm. Notes. The three possible sources for an expert's data are: (1) firsthand observations;

(2) presentation made at trial; and (3) information presented to the expert outside of court and other

than by his or her own perception. Rule 703, Adv. Comm. Notes.

The second part of Rule 703's inquiry is whether the facts, data or opinions relied upon by

the expert are of a type reasonably relied on by other experts in that particular field. *Daubert*, 509

U.S. at 595. If experts in the same or similar field as the proffered expert would not rely upon the

underlying data, then the opinion may be excluded. Rule 703, Adv. Comm. Notes; *Moore v.*

---

[8]     *See e.g.*, *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000); *United States v. Eff*, 461 F. Supp. 2d 529, 534 (E.D. Tex. 2006).

[9]     *See e.g.*, *Shelter Ins. Co. v. Ford Motor Co.*, Civil Action No. 2:03CV150-P-A, 2006 U.S. Dist. LEXIS 15238, at *8 (N.D. Miss. Feb. 9, 2006) (citing *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997)), *aff'd*, 2006 App. LEXIS 31120 (5th Cir. Dec. 18, 2006).

*Ashland Chem., Inc.*, 151 F.3d 269, 278-79 (5th Cir. 1998). Courts have found an expert's reliance to be unreasonable when based upon unsubstantiated facts, data or assumptions,[10] erroneous facts,[11] speculative facts or data,[12] and data derived solely for the purposes of litigation.[13]

## C.    Federal Rule of Evidence 403

Rule 403 plays an enhanced role for expert witnesses, resulting in the court exercising more control over an expert than lay witness. *Daubert*, 509 U.S. at 595; *United States v. Posado*, 57 F.3d 428, 435 (5th Cir. 1995). The reason is practical: expert testimony can be both powerful and quite misleading because such testimony "may be assigned talismanic significance in the eyes of lay jurors" simply because it is given by a person who has been labeled an expert. *Frazier*, 387 F.3d at 1263; *Daubert*, 509 U.S. at 595. Several courts note that "no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case, and based upon otherwise inadmissible hearsay if the facts or data are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'" *Frazier*, 387 F.3d at 1260; *Daubert*, 509 U.S. at 592.

---

[10]    *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

[11]    *Guillory v. Domtar Indus.*, 95 F.3d 1320, 1331 (5th Cir. 1996); *Slaughter v. S. Talc Co.,* 919 F.2d 304, 307 (5th Cir. 1990).

[12]    *Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 312 (5th Cir. 1990); *In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1234-35 (5th Cir. 1986); *Guillory*, 95 F.3d at 1331.

[13]    *United States v. Marine Shale Processors*, 81 F.3d 1361, 1370 (5th Cir. 1996) (citing *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1143 (4th Cir.1994)); *Newton v. Roche Labs., Inc.*, 243 F. Supp. 2d 672, 678 (W.D. Tex. 2002).

- 8 -

## III. THE COURT SHOULD EXCLUDE THE OPINIONS AND TESTIMONY OF PROFESSOR FERRELL

### A. Professor Ferrell Ignored Information Necessary to Adequately Render Opinions to Assist the Trier of Fact

Rule 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) *the testimony is based upon sufficient facts or data*, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 (emphasis added). It is clear from Professor Ferrell's report and his testimony, however,

that his opinions are based upon insufficient facts and data.

Aside from his utter lack of experience to render an opinion related to loss causation, it is

improper for Professor Ferrell to ignore relevant information in the case – such as information

related to plaintiffs' position on loss causation – and then claim that plaintiffs have failed to

demonstrate loss causation.

---

[14] All "APP ___ " references refer to the Appendix in Support of Plaintiffs' Motion *in Limine* to Exclude the Testimony and Opinions of Proposed Expert Allen Ferrell, filed herewith.

- 9 -

███████████████████████████████████████████████████████

██████████████████████████████████████████████ Thus, for Professor

Ferrell to opine upon loss causation without analyzing plaintiffs' information concerning the issue

violates the foundational reliability requirement of Rule 702.

Professor Ferrell's failure to consider sufficient facts and data is not limited to his opinions

on loss causation. ████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Because Professor Ferrell's

testimony and opinions are based upon insufficient facts and data, the Court should exclude his

testimony and opinions.

## B.    Professor Ferrell's Testimony and Opinions Are Not the Products of Reliable Principles and Methods

*Daubert* offers a list of non-exclusive, non-mandatory factors bearing on the determination of

reliability: (1) whether the theory or technique will be, can be or has been tested; (2) whether the

theory or technique has been subjected to peer review and publication; (3) the known or potential

rate of error experienced in the application of the particular theory or technique; and (4) the degree

of acceptance of the theory or technique in the relevant scientific community, *i.e.*, widespread versus

minimal. *Daubert*, 509 U.S. at 593-94; *United States v. Simmons*, 470 F.3d 1115, 1122 (5th Cir.

2006). As this Court has recognized, "[t]he Court acts as a 'gatekeeper' that wards off unreliable

expert testimony." *PRS Benefits v. Cent. Leasing Mgmt.*, Civil Action No. 3:03-CV-1183-B, 2004

U.S. Dist. LEXIS 24135, at *2 (N.D. Tex. Nov. 29, 2004).





Courts have found an expert's reliance to be unreasonable when based upon erroneous facts. *Guillory*, 95 F.3d at 1331; *Slaughter*, 919 F.2d at 307. Because Professor Ferrell's opinions are based primarily upon data that has never been subjected to peer review or publication and, in some instances, upon erroneous facts, his testimony is unreliable under *Daubert*. *Daubert*, 509 U.S. at 593-94.

## C.  Professor Ferrell's Testimony and Opinions Are Based upon Data Derived Solely for the Purpose of Litigation

Courts also commonly exclude proposed expert testimony when the testimony is based upon data derived solely for the purpose of litigation. S*ee Daubert*, 43 F.3d at 1317 (excluding plaintiff's experts' testimony on remand because their theories were developed solely for litigation and there had been no peer review of proposed testimony); *Watkins*, 121 F.3d at 991. Courts conclude that an expert's reliance is unreasonable when based upon data derived solely for the purposes of litigation. *Marine Shale*, 81 F.3d at 1370 (citing *Tran Trong Cuong*, 18 F.3d at 1143); *Newton*, 243 F. Supp. 2d at 678.

Professor Ferrell testified numerous times that his opinions are based upon data derived solely for the purpose of litigation.

Professor Ferrell failed to conduct his own analysis of the issue to come to his conclusion.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Because Professor Ferrell's opinions are based upon information derived solely for the purpose of litigation, the Court should exclude his testimony.

### D. Professor Ferrell Lacks the Experience Necessary to Opine upon the Subjects for Which He Claims He Is an Expert

Courts routinely exclude the proposed testimony of experts when they lack the experience necessary to opine upon the subject matter at issue. *See Seatrax*, 200 F.3d at 372 (expert in a trade-secrets case involving offshore marine cranes proffered to testify about defendant's profits from infringing activity; no error in excluding the testimony of that expert who had substantial experience in the marine industry, but no experience or training as an accountant and he did not perform an independent examination into the defendant's sales figures). Indeed, as this Court has recognized, the length of time that an individual purports to be an expert in his or her field, and the nature of the experience involved, are relevant to determining whether the individual is qualified to testify as an expert witness. *Launius v. Allstate Ins. Co.*, Civil Action No. 3:06-CV-0579-B, 2007 U.S. Dist. LEXIS 28871 (N.D. Tex. Apr. 18, 2007).

Professor Ferrell is woefully lacking in the experience necessary to opine on the subject matters in his report. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Professor Ferrell's limited teaching experience also falls far short of the experience necessary to render the opinions in his report. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



Because Professor Ferrell lacks the experience necessary to render his opinions, the Court should exclude his testimony.

**E.    Because Professor Ferrell's Opinions Are Not Grounded in Custom
and Practice, He Is Invading the Court's Province by Testifying on
Issues of Law**

It is clear that without grounding his or her opinions upon custom and practice, an expert

cannot opine about the law. The principle has been stated as follows:

"A witness cannot be allowed to give an opinion on a question of law. . . . In
order to justify having courts resolve disputes between litigants, it must be posited as
an a priori assumption that there is one, but only one, legal answer for every
cognizable dispute. There being only one applicable legal rule for each dispute or
issue, it requires only one spokesman of the law, who of course is the judge. . . . To
allow anyone other than the judge to state the law would violate the basic concept."

*Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) (citing William B. Stoebuck, *Opinions on*

*Ultimate Facts: Status, Trends, and a Note of Caution*, 41 Den. L. Cent. J. 226, 237 (1964)).

Professor Ferrell's testimony and opinions, which are not founded upon custom and practice

unlike Professor Steinberg's, violate the Fifth Circuit's edict that experts may not invade the court's

province by testifying on issues of law. *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir.

1996).

Courts have overturned decisions to exclude testimony when the testimony is

based upon custom and practice. *State of La. Chesapeake Operating, Inc. v. Richardson*, 884 So. 2d

1263, 1255-56 (2004).

Because Professor Ferrell's opinions are not grounded upon custom and practice, he is

invading the Court's province by testifying on issues of law.

## IV. CONCLUSION

For the foregoing reasons, the Court should exclude the testimony and opinions of Professor

Allen Ferrell.

DATED: July 13, 2007                    Respectfully submitted,

                                        LERACH COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
                                        EX KANO S. SAMS II

                                                s/ Ex Kano S. Sams II
                                            EX KANO S. SAMS II

                                        9601 Wilshire Blvd., Suite 510
                                        Los Angeles, CA 90210
                                        Telephone: 310/859-3100
                                        310/278-2148 (fax)

                                        LERACH COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
                                        JEFFREY W. LAWRENCE
                                        WILLOW E. RADCLIFFE
                                        SHIRLEY H. HUANG
                                        100 Pine Street, Suite 2600
                                        San Francisco, CA 94111
                                        Telephone: 415/288-4545
                                        415/288-4534 (fax)

                                        LERACH COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
                                        TAMARA J. DRISCOLL
                                        1700 Seventh Avenue, Suite 2260
                                        Seattle, WA 98101
                                        Telephone: 206/749-5544
                                        206/749-9978 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
G. PAUL HOWES
JAMES R. HAIL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PROVOST & UMPHREY LAW FIRM, LLP
JOE KENDALL
State Bar No. 11260700
WILLIE C. BRISCOE
State Bar No. 24001788
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

Liaison Counsel

O'REILLY GROSSO & GROSS, P.C.
JAMES F. GROSSO
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Telephone: 508/620-0055
508/620-7655 (fax)

STEWART, ROELANDT, STOESS,
 CRAIGMYLE & EMERY PLLC
JOHN FRITH STEWART
6506 West Highway 22
P.O. Box 307
Crestwood, KY 40014
Telephone: 502/241-4660
502/241-9301 (fax)

Additional Counsel for Plaintiffs

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1, plaintiffs provide this Certificate of Conference. On July 11 and 12, 2007, I had conversations with Thad Behrens, counsel for Flowserve Corporation; Todd Murray, counsel for C. Scott Greer; Charles Flynn, counsel for Renee J. Hornbaker; and Rodney Acker, counsel for Banc of America Securities LLC and Credit Suisse First Boston LLC, regarding plaintiffs' challenges to several of defendants' proposed experts. Willow Radcliffe had a similar conversation with Joshua Martin, counsel for PricewaterhouseCoopers LLP. During these conversations, counsel for plaintiffs requested that defendants withdraw their designations for certain proposed experts because they were not properly qualified to provide expert testimony under the Federal Rules of Evidence and *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993), and related cases. The proposed experts are: Mr. Necarsulmer, Mr. Lacey, Mr. Innes, Professor Ferrell, Mr. Tongring, Mr. Weinsweig, and the unretained experts designated by each defendant on May 7, 2007. Counsel for defendants each indicated that they would not withdraw any of their experts and would oppose any motion brought by plaintiffs. Accordingly, plaintiffs file the instant motion as an opposed motion.

s/ Jeffrey W. Lawrence
JEFFREY W. LAWRENCE

T:\casesSF\flowserve\BRF00043520_daubert_Ferrell_redacted.doc

- 18 -

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2007, I electronically filed the foregoing with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to the e-mail
addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have
mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF
participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  Executed on July 13, 2007.

s/ Ex Kano S. Sams II
EX KANO S. SAMS II

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:exkanos@lerachlaw.com

# Mailing Information for a Case 3:03-cv-01769

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rodney Acker**
  cacker@fulbright.com

- **R Thaddeus Behrens**
  behrenst@haynesboone.com,madejc@haynesboone.com

- **Thomas E Bilek**
  tbilek@bileklaw.com,llockett@bileklaw.com

- **Mary K Blasy**
  maryb@lerachlaw.com,e_file_sf@lerachlaw.com

- **Willie Briscoe**
  wbriscoe@provostumphrey.com,bgribble@provostumphrey.com,provost_dallas@yahoo.com

- **Tamara J Driscoll**
  tdriscoll@lerachlaw.com,georgiad@lerachlaw.com

- **Nicholas Even**
  nick.even@haynesboone.com,cecelia.madej@haynesboone.com

- **William B Federman**
  wfederman@aol.com,ngb@federmanlaw.com

- **Samantha A Ferris**
  sferris@gibsondunn.com

- **Charles Watts Flynn**
  cwflynn@lockeliddell.com,sarobinson@lockeliddell.com

- **Kathy Giddings**
  thart@munsch.com

- **Noel M B Hensley**
  hensleyn@haynesboone.com,lopezs@haynesboone.com

- **Robert J Hill**
  claxtonhill@airmail.net,rhill@claxtonhill.com

- **Carrie Lee Huff**
  huffc@haynesboone.com,wildmant@haynesboone.com

- **G Douglas Jones**
  ecf@whatleydrake.com,tflorence@whatleydrake.com,djones@whatleydrake.com

- **Joe Kendall**
  Provost_Dallas@yahoo.com,jkendall@provostumphrey.com

- **David W Klaudt**
  dklaudt@lockeliddell.com

- **Jeffrey W Lawrence**
  jeffreyl@lerachlaw.com,e_file_sf@lerachlaw.com,ssum@lerachlaw.com,e_file_sd@lerachlaw.com

- **Hamilton Lindley**
  hlindley@provostumphrey.com,provost_dallas@yahoo.com

- **Roger L Mandel**
  rmandel@smi-law.com,laura@smi-law.com,tsweet@smi-law.com,bmarks@smi-law.com

- **Joshua P Martin**
  jpmartin@gibsondunn.com,jthompkins@gibsondunn.com,sferris@gibsondunn.com

- **Jennifer E Morris**
  jmorris@ccsb.com,dsavage@ccsb.com

- **Timothy W Mountz**
  t.mountz@bakerbotts.com

- **Todd A Murray**
  tmurray@ccsb.com,tmapes@ccsb.com

- **Everett Lindell New**
  enew@ccsb.com,rbell@ccsb.com

- **Willow E Radcliffe**
  willowr@lerachlaw.com

- **Richard A Rohan**
  rrohan@ccsb.com,tcalotis@ccsb.com

- **Ex Kano S Sams , II**
  exkanos@lerachlaw.com,knguyen@lerachlaw.com

- **Ellen B Sessions**
  esessions@fulbright.com

- **Marc R Stanley**
  mstanley@smi-law.com,laura@smi-law.com,tsweet@smi-law.com,bmarks@smi-law.com

- **M Byron Wilder**
  bwilder@gibsondunn.com,lshults@gibsondunn.com

- **Shawn A Williams**
  shawnw@lerachlaw.com

- **Martin Woodward**
  mwoodward@smi-law.com,tsweet@smi-law.com,bmarks@smi-law.com

- **Fletcher Yarbrough**
  fyarbrough@ccsb.com,deakin@ccsb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Daniel Brian Swerdlin**
Lerach Coughlin Stoia Geller Rudman & Robbins
100 Pine St
Suite 2600
San Francisco, CA 94111

**Daniel Weinstein**
JAMS
Two Embarcadero
Suite 1500
San Francisco, CA 94111