UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| JERRY RYAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLOWSERVE CORPORATION, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:03-CV-01769-B<br>**(Consolidated with 3:03-CV-01827-M; 3:03-CV-01846-M; 3:03-CV-02079-M)**<br>**ECF** |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of December 18, 2009 (this "Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled Litigation: (i) the Plaintiffs (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.      THE LITIGATION

This litigation was commenced on August 7, 2003. On October 28, 2003, the Court appointed the Lead Plaintiff. The operative complaint is the Fifth Amended Complaint filed on February 22, 2005. The Complaint and the allegations therein are referred to herein as the "Litigation."

The Plaintiffs and Defendants participated in mediation three times over the course of the Litigation – prior to commencement of discovery in March 2006, after the close of discovery in June 2007, and on October 9, 2009, following the Fifth Circuit Court of Appeal's remand of the case for further proceedings. An agreement-in-principle to settle the Litigation was reached on October 9, 2009, contingent upon resolution of certain issues that have subsequently been resolved.

## II.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has denied and continues to deny each and all of the claims and contentions alleged in the Litigation. Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff, the Representative Plaintiff, or the Settlement Class, suffered damage, that the prices of Flowserve publicly traded equity securities were

artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff, the Representative Plaintiff, or the Settlement Class, were harmed in any way by any of the Defendants or by the conduct alleged in the Litigation.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

**III.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT**

The Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in complex actions such as the Litigation, and the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Litigation. Plaintiffs and their counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in this Stipulation is in the best interests of the Plaintiffs and the Settlement Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and Settlement Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.   Definitions

As used herein the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2   "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3   "Complaint" means the Fifth Amended Complaint for Violation of Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(A) of the Securities Exchange Act of 1934.

1.4   "Court" means the United States District Court for the Northern District of Texas, Dallas Division.

1.5   "Defendants" means Flowserve, the Individual Defendants, PwC and the Underwriter Defendants.

1.6   "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.7   "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.8    "Final" means when the last of the following with respect to a judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall have occurred: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund, as hereinafter defined.

1.9    "Flowserve" means Flowserve Corporation.

1.10    "Individual Defendants" means C. Scott Greer and Renee J. Hornbaker.

1.11    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, including by and through Jeffrey W. Lawrence, 100 Pine Street, Suite 2600, San Francisco, CA 94111 and Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.13    "Lead Plaintiff" means Alaska Electrical Pension Fund.

1.14    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

- 4 -

1.15    "Plaintiffs" means collectively the Lead Plaintiff and the Representative Plaintiff.

1.16    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of this Stipulation and none of Defendants nor their respective Related Parties shall have any responsibility or liability with respect thereto.

1.17    "PwC" means PricewaterhouseCoopers LLP.

1.18    "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, other underwriters in the underwriting syndicates for the Flowserve offerings identified in the Litigation, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

1.19    "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorneys' fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Litigation, whether direct, indirect, or derivative, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of

duty of loyalty, breach of fiduciary duty, unjust enrichment, abuse of control, mismanagement, waste of corporate assets, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined in ¶1.28 hereof), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiff, the Representative Plaintiff, or any Settlement Class Member, whether direct, indirect, or derivative, against the Released Persons, or any of them in the Litigation or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of or relating in any way to, or in connection with any of the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act or matters set forth, referred to, alleged or that could have been alleged in the Litigation.

1.20    "Released Persons" means each and all of the Defendants and their respective Related Parties.

1.21    "Representative Plaintiff" means the Massachusetts State Carpenters Pension Fund.

1.22    "Settlement Class" means all Persons who (1) purchased the publicly traded equity securities of Flowserve on or between February 6, 2001 and September 27, 2002, inclusive; or (2) purchased Flowserve common stock issued pursuant to Flowserve's November 16, 2001 or April 16, 2002 public offerings. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which a Defendant has a controlling interest and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

1.23    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.22 of this Stipulation and who

does not request exclusion from the Settlement Class in accordance with the terms of the Notice of Pendency and Proposed Settlement of Class Action.

1.24 "Settlement Class Period" means the period from February 6, 2001 to September 27, 2002, inclusive.

1.25 "Settlement Fund" means Fifty-Five Million Dollars ($55,000,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

1.26 "Settling Parties" means, collectively, the Defendants and the Lead Plaintiff and the Representative Plaintiff on behalf of themselves and the Members of the Settlement Class.

1.27 "Underwriter Defendants" means Banc of America Securities LLC and Credit Suisse First Boston LLC.

1.28 "Unknown Claims" means any Released Claims which the Plaintiffs or any Settlement Class Member, as of the Effective Date, does not know or suspect to exist in his, her or its favor, whether direct, indirect, or derivative, including those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights

and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to California Civil Code §1542, or that might otherwise operate to bar or limit the release of Unknown Claims. The Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiffs shall expressly release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, expressly, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to and not withstanding the subsequent discovery or existence of such different or additional facts. The Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    The principal amount of $55,000,000 in cash shall be transferred to the Escrow Agent no later than ten (10) business days after the Court enters an order of preliminary approval of the settlement set forth in this Stipulation, as described in ¶3.1 hereof. $1.5 million of such amount shall be paid by PwC and the remainder shall be paid by or on behalf of the remaining Defendants. Defendants and their respective Related Parties shall have no further monetary liability after

- 8 -

payment of the principal amount of the Settlement Fund, and in no event shall any of Defendants (or their respective Related Parties) be liable for any additional amounts.

> **b.   The Escrow Agent**

2.2     The Escrow Agent shall invest the Settlement Fund transferred pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and Defendants (and their respective Related Parties) shall have no responsibility or liability with respect thereto.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6     Prior to the Effective Date, the Escrow Agent may pay to the Claims Administrator from the Settlement Fund, without prior approval from Defendants or the Court, the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, including mailing and printing notices and claim forms, publishing notice, and locating Settlement Class Members, and reimbursing brokers and other nominees for the costs of providing names and addresses of Settlement Class Members to the Claims Administrator.

c.      **Taxes**

2.7      (a)      The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)      All (a) Taxes (including any interest, penalties or estimated Taxes) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

- 10 -

expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants, their respective Related Parties, and their counsel shall have no liability or responsibility for Taxes or Tax Expenses. The Settlement Fund shall indemnify and hold each of the Defendants, their respective Related Parties, and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants, their respective Related Parties, or their counsel are responsible for any Taxes or Tax Expenses nor shall they have any liability therefor. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d. Termination of Settlement

2.8    In the event that the Court declines to approve this Stipulation or this Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing pursuant to ¶¶2.6 and 2.7, shall be refunded and transferred pursuant to written instructions from Defendants' counsel no later than ten (10) business days after such written instructions are provided.

### 3.   Notice Order and Settlement Hearing

3.1     Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and shall jointly apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in this Stipulation, conditional certification of the Settlement Class, and approval for the mailing of a class notice (the "Notice") to Settlement Class Members and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application by Plaintiffs' counsel and the date of the Settlement Hearing as defined below. Lead Counsel will be responsible for providing the Notice to the Settlement Class. Any costs associated with the Notice shall be paid from the Settlement Fund as provided in ¶5.2(b) hereof.

3.2     Lead Counsel shall request that after the Notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein. At the Settlement Hearing, Lead Counsel will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.   Releases

4.1     Upon the Effective Date, as defined in ¶1.6 hereof, the Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not the Plaintiffs or such Settlement Class Member executes and delivers the Proof of Claim and Release, and whether or not the Plaintiffs or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund.

- 12 -

4.2     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims (including Unknown Claims) against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, as defined in ¶1.6 hereof, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

## 5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     At the times set forth and in accordance with this Stipulation, the Settlement Fund shall be applied as follows:

(a)     to pay counsel for the Plaintiffs' attorneys' fees and expenses with interest thereon at the same rate and for the same time period as earned by the Settlement Fund to the extent allowed by the Court (the "Fee and Expense Award") and the expenses, if any, of the Plaintiffs, if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing the Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

- 13 -

(c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person;

(b)    Except as otherwise ordered by the Court, any and all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby; and

(c)    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the

- 14 -

date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that remains in the Net Settlement Fund shall be donated to a non-profit organization mutually agreed to by the Settling Parties.

5.4     The Defendants and their respective Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement Fund, any investment or distribution of the Settlement Fund, the proposed or actual Plan of Allocation, the determination, administration, or calculation of claims, final awards, the timing, supervision and distribution of the Settlement Fund, any application for attorneys' fees and expenses, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.5     No Person shall have any claim against Lead Counsel or the Claims Administrator, or other Person designated by Lead Counsel based on the distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.6     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of or a condition to this Stipulation and the settlement set forth herein, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or the releases set forth herein or affect the finality of the Court's Judgment approving this Stipulation and the releases and settlement set forth herein, or any other orders entered pursuant to this Stipulation.

### 6.    Attorneys' Fees and Expenses

6.1     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, or the expenses of the Plaintiffs, to be paid out of the Settlement Fund, are not part of or a condition to the settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or the Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or the releases set forth herein, or affect or delay the finality of the Judgment approving this Stipulation and the releases and settlement of the Litigation set forth herein.

6.2     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) the payment of reasonable expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until such fees and expenses are paid) as may be awarded by the Court. Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.3     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel may thereafter allocate the attorneys' fees among any other Plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, assertion, settlement, and resolution of the Litigation. The Defendants and their respective Related Parties shall have no responsibility for, interest in, or liability whatsoever with

respect to such allocation or distribution. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, Plaintiffs' counsel will refund to the Settlement Fund such fees and expenses previously paid to any Plaintiffs' counsel from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Without limitation, Plaintiffs' counsel and their partners agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firm fail timely to repay fees and expenses pursuant to this ¶6.3.

      6.4      Plaintiffs may submit an application for reimbursement of their time and expenses incurred in the prosecution of the Litigation.

      6.5      Defendants and their respective Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to Plaintiffs' counsel and take no position regarding the Fee and Expense Application; and will take no position regarding any order entered by the Court awarding fees and expenses to counsel for Plaintiffs.

      6.6      Defendants and their respective Related Parties shall have no responsibility for the allocation among Plaintiffs' counsel and/or any other Person who may assert some claim thereto, of any attorneys' fee and expense award that the Court may make in the Litigation.

- 17 -

### 7.   Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

7.1    The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    Defendants have timely made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b)    the Court has entered the Notice Order, as required by ¶3.1 hereof, which includes certification of the Settlement Class in accordance with Rule 23 of the Federal Rules of Civil Procedure;

(c)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)    the Judgment has become Final, as defined in ¶1.8 hereof; and

(e)    Flowserve has not exercised its option to terminate the settlement set forth in this Stipulation pursuant to ¶7.6 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall, subject to ¶¶7.5, 7.7 and 7.8, be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with this Stipulation.

7.3    In the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded and transferred by the Escrow Agent pursuant to written instructions from Defendants' counsel. At the request of Defendants' counsel, the Escrow Agent or its designee

- 18 -

shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

7.4     In the event that the Court declines to approve this Stipulation or the settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of October 8, 2009. In such event, the terms and provisions of this Stipulation, with the exception of ¶¶1.1-1.28, 2.7, 7.3-7.5, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. An order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Plaintiffs or any of Plaintiffs' counsel, or a modification or reversal on appeal of any such order of the Court, shall not constitute grounds for cancellation or termination of this Stipulation.

7.5     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither the Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶¶2.6 or 2.7 hereof.

7.6     Flowserve shall have the option to terminate this Stipulation and the settlement set forth herein in the event that Persons who purchased more than a certain number of shares of Flowserve common stock during the Settlement Class Period choose to exclude themselves from the Settlement Class ("Opt-Out Threshold"), as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' counsel. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the settlement set forth in this Stipulation, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible

- 19 -

in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

7.7    If (i) a case is commenced with respect to any Defendant (other than the Underwriter Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, (ii) a final order of a court of competent jurisdiction is entered determining the transfer of the Settlement Fund, or a material portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and (iii) such portion of the Settlement Fund is required to be returned and is returned to such Defendant (or such Defendant's estate), then, at Plaintiffs' option, as to such Defendant, the releases given and judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.  The releases given and the judgment entered in favor of other Defendants (and their respective Related Parties) shall remain in full force and effect.

7.8    In the event that Plaintiffs exercise the option described in ¶7.7, Flowserve, in its sole and absolute discretion, shall have the option to terminate the settlement set forth in this Stipulation.

7.9    Each of the Defendants warrants and represents that he, she or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time any payments are transferred or made as required by this Stipulation.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are

- 20 -

contested and shall not be deemed an admission by any Settling Party as to the merits of any allegations, claims or defenses whatsoever. The Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3     Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Released Claims, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     In the event that any part of this Stipulation is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of this Stipulation shall remain intact.

8.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.6     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.9     Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation made pursuant to ¶8.7 on behalf of the Settlement Class which they deem appropriate.

8.10    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.11    This Stipulation may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and Member of the Settlement Class.

8.13     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

8.14     This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that state's choice-of-law principles.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of December 18, 2009.

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
JOY ANN BULL

JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
WILLOW E. RADCLIFFE
EX KANO S. SAMS II
SHIRLEY H. HUANG
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Class Plaintiffs

- 23 -

KENDALL LAW GROUP, LLP
JOE KENDALL
State Bar No. 11260700
HAMILTON LINDLEY
State Bar No. 24044838
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

Liaison Counsel

O'REILLY GROSSO & GROSS, P.C.
JAMES F. GROSSO
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Telephone: 508/620-0055
508/620-7655 (fax)

STEWART, ROELANDT, STOESS,
   CRAIGMYLE & EMERY PLLC
JOHN FRITH STEWART
6506 West Highway 22
P.O. Box 307
Crestwood, KY 40014
Telephone: 502/241-4660
502/241-9301 (fax)

Additional Counsel for Class Plaintiffs

HAYNES AND BOONE, LLP
NOEL M. HENSLEY
State Bar No. 09491400
CARRIE L. HUFF
State Bar No. 10180610
R. THADDEUS BEHRENS
State Bar No. 24029440


_Noel M. Hensley_
NOEL M. HENSLEY

2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214/651-5000
214/651-5940 (fax)

Counsel for Defendant Flowserve Corporation
- 24 -

LOCKE LORD BISSELL & LIDDELL LLP
C. W. "PETER" FLYNN, IV
State Bar No. 07196580
DAVID W. KLAUDT
State Bar No. 00796073

_____
DAVID W. KLAUDT

2200 Ross Avenue, Suite 2000
Dallas, TX 75201-6776
Telephone: 214/740-8000
214/740-8800 (fax)

Counsel for Defendant Renee J. Hornbaker

FULLBRIGHT & JAWORKSI L.L.P.
RODNEY ACKER
State Bar No. 00830700
ELLEN SESSIONS
State Bar No. 00796282

_____
RODNEY ACKER

2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: 214/855-8000
214/855-8200 (fax)

Counsel for Defendants Banc of America Securities
LLC and Credit Suisse First Boston LLC

LOCKE LORD BISSELL & LIDDELL LLP
C. W. "PETER" FLYNN, IV
State Bar No. 07196580
DAVID W. KLAUDT
State Bar No. 00796073

_____
DAVID W. KLAUDT

2200 Ross Avenue, Suite 2000
Dallas, TX  75201-6776
Telephone: 214/740-8000
214/740-8800 (fax)

Counsel for Defendant Renee J. Hornbaker

FULLBRIGHT & JAWORKSI L.L.P.
RODNEY ACKER
State Bar No. 00830700
ELLEN SESSIONS
State Bar No. 00796282

_____
RODNEY ACKER

2200 Ross Avenue, Suite 2800
Dallas, TX  75201
Telephone: 214/855-8000
214/855-8200 (fax)

Counsel for Defendants Banc of America Securities
LLC and Credit Suisse First Boston LLC

- 25 -

CARRINGTON, COLEMAN, SLOMAN
& BLUEMENTHAL, L.L.P.
TODD MURRAY
State Bar No. 00794350

_____
TODD MURRAY

901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214/855-3000
214/855-1333 (fax)

Counsel for Defendant C. Scott Greer

GIBSON DUNN & CRUTCHER, LLP
M. BYRON WILDER
State Bar No.: 00786500
SAMANTHA A. LUNN
State Bar No.: 24050595


_____
M. BYRON WILDER

2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214/698-3100
214/698-3400 (fax)

Counsel for Defendant
PricewaterhouseCoopers LLP

S:\Settlement\Flowserve.set\(v5) STIP 00062551.doc

- 26 -

CARRINGTON, COLEMAN, SLOMAN
& BLUEMENTHAL, L.L.P.
TODD MURRAY
State Bar No. 00794350


_____
                    TODD MURRAY

901 Main Street, Suite 5500
Dallas, TX 75202
Telephone: 214/855-3000
214/855-1333 (fax)

Counsel for Defendant C. Scott Greer

GIBSON DUNN & CRUTCHER, LLP
M. BYRON WILDER
State Bar No.: 00786500
SAMANTHA A. LUNN
State Bar No.: 24050595


_____
                M. BYRON WILDER

2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214/698-3100
214/698-3400 (fax)

Counsel for Defendant
PricewaterhouseCoopers LLP

S:\Settlement\Flowserve.set\(v5) STIP 00062551.doc

- 26 -

CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the e-mail

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on December 18, 2009.

s/Joy Ann Bull

JOY ANN BULL

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  joyb@csgrr.com

# Mailing Information for a Case 3:03-cv-01769-B

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rodney Acker**
  racker@fulbright.com

- **R Thaddeus Behrens**
  behrenst@haynesboone.com,madejc@haynesboone.com

- **Thomas E Bilek**
  tbilek@bileklaw.com,llmank@bileklaw.com

- **Mary K Blasy**
  mblasy@scott-scott.com,efile@scott-scott.com

- **Anne L Box**
  anneb@csgrr.com,e_file_sd@csgrr.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Joy Ann Bull**
  joyb@csgrr.com,jstark@csgrr.com

- **Nicholas Even**
  nick.even@haynesboone.com,cecelia.madej@haynesboone.com

- **William B Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Charles Watts Flynn**
  cwflynn@lockelord.com,sarobinson@lockelord.com

- **Terence J Hart**
  terry.hart@bgllp.com,patrick.craine@bgllp.com,trena.jackson@bgllp.com

- **Noel M B Hensley**
  hensleyn@haynesboone.com,lopezs@haynesboone.com

- **Robert J Hill**
  rhill@hillandhill-law.com

- **G Paul Howes**
  paulh@csgrr.com,kirstenb@csgrr.com

- **Shirley H Huang**
  shirleyh@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Carrie Lee Huff**
  huffc@haynesboone.com,wildmant@haynesboone.com

- **G Douglas Jones**
  tmf@hsy.com,gdj@hsy.com

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **David W Klaudt**
  dklaudt@lockelord.com

- **Jeffrey W Lawrence**
  jeffreyl@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Hamilton Lindley**
  hlindley@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Samantha A Lunn**
  slunn@gibsondunn.com,LSekiguchi@gibsondunn.com,lgoodwin@gibsondunn.com

- **Roger L Mandel**
  rmandel@smi-law.com,bmarks@smi-law.com,laura@smi-law.com,cgiddens@smi-law.com

- **Jennifer E Morris**
  jmorris@ccsb.com,dsavage@ccsb.com

- **Timothy W Mountz**
  t.mountz@bakerbotts.com,ginger.williford@bakerbotts.com

- **Todd A Murray**
  tmurray@ccsb.com,tmapes@ccsb.com,tvalenti@ccsb.com

- **Everett Lindell New**
  enew@coxsmith.com,csutton@coxsmith.com,gholman@coxsmith.com

- **Willow E Radcliffe**
  willowr@csgrr.com,AnneB@csgrr.com,mburch@csgrr.com

- **Richard A Rohan**
  rrohan@ccsb.com,bdunn@ccsb.com

- **Ex Kano S Sams , II**
  exkanos@csgrr.com

- **Ellen B Sessions**
  esessions@fulbright.com

- **Marc R Stanley**
  mstanley@smi-law.com,bmarks@smi-law.com,laura@smi-law.com,cgiddens@smi-law.com

- **M Byron Wilder**
  bwilder@gibsondunn.com

- **Shawn A Williams**
  shawnw@csgrr.com

- **Martin Woodward**
  mwoodward@smi-law.com,bmarks@smi-law.com,cgiddens@smi-law.com

- **Fletcher Yarbrough**
  fyarbrough@ccsb.com,deakin@ccsb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who
therefore require manual noticing). You may wish to use your mouse to select and copy this list into
your word processing program in order to create notices or labels for these recipients.

```
Daniel Weinstein
JAMS
Two Embarcadero
Suite 1500
San Francisco, CA 94111
```

**Manual Notice**

James F. Grosso
O'Reilly Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
       508/620-0055
       508/620-7655 (Fax)

John Frith Stewart
Stewart, Roelandt, Stoess, Craigmyle &
   Emery PLLC
6506 West Highway 22, P.O. Box 307
Crestwood, KY 40014
       502/241-4660
       502/241-9301 (Fax)