UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JERRY RYAN, On Behalf of Himself and All Others Similarly Situated, | § § § | Civil Action No. 3:03-CV-01769-B **(Consolidated with 3:03-CV-01827-M; 3:03-CV-01846-M; 3:03-CV-02079-M)** |
| Plaintiff, | § § | **ECF** |
| vs. | § § | |
| FLOWSERVE CORPORATION, et al., | § § | |
| Defendants. | § § § | |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

514041_1

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

        PLEASE TAKE NOTICE that pursuant to the Court's Order of March 1, 2010, on May 11,

2010, at 10:00 a.m., at the Earle Cabell Federal Building and United States Courthouse, 1100

Commerce Street, Dallas, Texas 75242, or as soon thereafter as counsel may be heard before the

Honorable Jane J. Boyle, United States District Judge, Plaintiffs will and do hereby move for orders

and/or judgments (1) finally approving the settlement of the Litigation and dismissing the above-

captioned action with prejudice; (2) approving the Plan of Allocation of settlement proceeds; and (3)

awarding Plaintiffs' counsel's attorneys' fees and expenses.   Plaintiffs' motion is based upon

Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement

and Plan of Allocation of Settlement Proceeds, Lead Counsel's Memorandum of Law in Support of

Motion for an Award of Attorneys' Fees and Expenses, the Declaration of Willow E. Radcliffe in

Support of Final Approval of Class Action Settlement, Plan of Allocation of Settlement Proceeds,

and an Award of Attorneys' Fees and Expenses, the Declarations of counsel submitted herewith, the

Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Pendency and Proposed

Settlement of Class Action and the Proof of Claim and Release Form, and B) Publication of the

Summary Notice, the Declaration of Gregory R. Stokes as Representative of Alaska Electrical

Pension Fund in Support of Plaintiffs' Motion for (1) Final Approval of Class Action and Plan of

Allocation of Settlement Proceeds; and (2) Award of Attorneys' Fees and Expenses, the Stipulation

of Settlement dated as of December 18, 2009, all other pleadings and matters of record, and such

additional evidence or argument as may be presented in Plaintiffs' application or at the hearing.

DATED: April 7, 2010              ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                  JOY ANN BULL


                                            s/ Joy Ann Bull
                                  _____
                                          JOY ANN BULL

- 1 -

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax

ROBBINS GELLER RUDMAN
   & DOWD LLP
JEFFREY W. LAWRENCE
WILLOW E. RADCLIFFE
SHIRLEY H. HUANG
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

KENDALL LAW GROUP, LLP
JOE KENDALL
State Bar No. 11260700
HAMILTON LINDLEY
State Bar No. 24044838
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

Liaison Counsel

O'REILLY GROSSO & GROSS, P.C.
JAMES F. GROSSO
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Telephone: 508/620-0055
508/620-7655 (fax)

STEWART, ROELANDT, STOESS,
   CRAIGMYLE & EMERY PLLC
JOHN FRITH STEWART
6506 West Highway 22
P.O. Box 307
Crestwood, KY 40014
Telephone: 502/241-4660
502/241-9301 (fax)

Additional Counsel for Plaintiffs

514041_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2010, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on April 7, 2010.

s/ Joy Ann Bull
_____
JOY ANN BULL

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:joyb@rgrdlaw.com

# Mailing Information for a Case 3:03-cv-01769-B

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rodney Acker**
  racker@fulbright.com

- **R Thaddeus Behrens**
  behrenst@haynesboone.com,madejc@haynesboone.com

- **Thomas E Bilek**
  tbilek@bileklaw.com,llmank@bileklaw.com

- **Mary K Blasy**
  mblasy@scott-scott.com,efile@scott-scott.com

- **Anne L Box**
  anneb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Willie Briscoe**
  wbriscoe@thebriscoelawfirm.com

- **Joy Ann Bull**
  joyb@rgrdlaw.com,jstark@rgrdlaw.com

- **Nicholas Even**
  nick.even@haynesboone.com,cecelia.madej@haynesboone.com

- **William B Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Charles Watts Flynn**
  cwflynn@lockelord.com,sarobinson@lockelord.com

- **Terence J Hart**
  terry.hart@bgllp.com,trena.jackson@bgllp.com

- **Noel M B Hensley**
  hensleyn@haynesboone.com,lopezs@haynesboone.com

- **Robert J Hill**
  rhill@hillandhill-law.com

- **G Paul Howes**
  paulh@csgrr.com,kirstenb@csgrr.com

- **Shirley H Huang**
  shirleyh@rgrdlaw.com,e_file_sd@rgrdlaw.com,jdecena@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Carrie Lee Huff**
  huffc@haynesboone.com

- **G Douglas Jones**
  tmf@hsy.com,gdj@hsy.com

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **David W Klaudt**
  dklaudt@lockelord.com

- **Jeffrey W Lawrence**
  jeffreyl@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Hamilton Lindley**
  hlindley@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Samantha A Lunn**
  slunn@gibsondunn.com,lgoodwin@gibsondunn.com

- **Roger L Mandel**
  rmandel@beckham-mandel.com,yesenia@beckham-mandel.com,cynthia@beckham-mandel.com

- **Jennifer E Morris**
  jmorris@ccsb.com,dsavage@ccsb.com

- **Timothy W Mountz**
  t.mountz@bakerbotts.com,ginger.williford@bakerbotts.com

- **Todd A Murray**
  tmurray@ccsb.com,tmapes@ccsb.com

- **Everett Lindell New**
  enew@coxsmith.com,csutton@coxsmith.com,gholman@coxsmith.com

- **Willow E Radcliffe**
  willowr@rgrdlaw.com,AnneB@rgrdlaw.com

- **Richard A Rohan**
  rrohan@ccsb.com,bdunn@ccsb.com

- **Ex Kano S Sams , II**
  exkanos@csgrr.com

- **Ellen B Sessions**
  esessions@fulbright.com

- **Marc R Stanley**
  marcstanley@mac.com,cgiddens@stanleyiola.com,bmarks@stanleyiola.com

- **M Byron Wilder**
  bwilder@gibsondunn.com

- **Shawn A Williams**
  shawnw@rgrdlaw.com

- **Martin Woodward**
  mwoodward@stanleyiola.com,cgiddens@stanleyiola.com,bmarks@stanleyiola.com

- **Fletcher Yarbrough**
  fyarbrough@ccsb.com,deakin@ccsb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Daniel Weinstein
JAMS
Two Embarcadero
Suite 1500
San Francisco, CA 94111
```

**Manual Notice**

James F. Grosso
O'Reilly Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
        508/620-0055
        508/620-7655 (Fax)

John Frith Stewart
Stewart, Roelandt, Stoess, Craigmyle &
    Emery PLLC
6506 West Highway 22, P.O. Box 307
Crestwood, KY 40014
        502/241-4660
        502/241-9301 (Fax)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JERRY RYAN, On Behalf of Himself and All Others Similarly Situated, | § § § | Civil Action No. 3:03-CV-01769-B **(Consolidated with 3:03-CV-01827-M; 3:03-CV-01846-M; 3:03-CV-02079-M)** |
| Plaintiff, | § § | **ECF** |
| vs. | § § | |
| FLOWSERVE CORPORATION, et al., | § § | |
| Defendants. | § § § | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated March 1, 2010, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated December 18, 2009 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.      The Court finally certifies, for settlement purposes only, a Settlement Class defined as: all Persons who (1) purchased the publicly traded equity securities of Flowserve on or between February 6, 2001 and September 27, 2002, inclusive; or (2) purchased Flowserve common stock issued pursuant to Flowserve's November 16, 2001 or April 16, 2002 public offerings. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which a Defendant has a controlling interest and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4.      With respect to the Settlement Class, this Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of

- 1 -

513988_1

the Settlement Class; (d) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of the Settlement Class, as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the Members of the Settlement Class, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims)

- 2 -

513988_1

against the Released Persons, whether or not Plaintiffs or such Settlement Class Member executes and delivers the Proof of Claim and Release, and whether or not the Plaintiffs or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund.

9.      All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

10.     Upon the Effective Date hereto, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11.     The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used

- 3 -

as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15.      The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16.      In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

513988_1

17.     The Settling Parties shall bear their own costs and expenses, except as otherwise provided in the Stipulation or in this Judgment.

IT IS SO ORDERED.


DATED: _____          _____
                                    THE HONORABLE JANE J. BOYLE
                                    UNITED STATES DISTRICT JUDGE

EXHIBIT 1

**AS OF APRIL 5, 2010**

**NO REQUESTS FOR EXCLUSION**

**HAVE BEEN RECEIVED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JERRY RYAN, On Behalf of Himself and All Others Similarly Situated, | § § § | Civil Action No. 3:03-CV-01769-B **(Consolidated with 3:03-CV-01827-M; 3:03-CV-01846-M; 3:03-CV-02079-M)** |
| Plaintiff, | § § | **ECF** |
| vs. | § § | |
| FLOWSERVE CORPORATION, et al., | § § | |
| Defendants. | § § § | |

**[PROPOSED] ORDER AWARDING LEAD COUNSEL'S ATTORNEYS' FEES AND EXPENSES**

THIS MATTER having come before the Court on May 11, 2010, on the motion of Plaintiffs for an award of attorneys' fees and expenses incurred in this Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of December 18, 2009 (the "Stipulation").

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Settlement Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Fund, and litigation expenses in the amount of $7,460,673.62, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of attorneys' fees awarded is fair and reasonable under both a percentage-of-recovery analysis and a lodestar analysis given the time and effort involved, the substantial risks of no recovery, the result obtained, the difficulty of the issues presented, and the customary fee awards in similar cases. *See Longden v. Sunderman*, 979 F.2d 1095 (5th Cir. 1992); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Said fees and expenses shall be allocated among counsel for Plaintiffs in a manner which, in Lead Counsel's good faith judgment, reflects each such Plaintiffs' counsel's contribution to the institution, prosecution and resolution of the Litigation.

- 1 -

4.     The awarded attorneys' fees and expenses shall be paid to Lead Counsel immediately after the date this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.3 thereof, which terms, conditions and obligations are incorporated herein.

5.     Pursuant to 15 U.S.C. §78u-4(a)(4) Lead Plaintiff Alaska Electrical Pension Fund is hereby awarded $10,329.00 in costs.  Such reimbursement is appropriate considering Lead Plaintiff's active participation in prosecuting this action.

IT IS SO ORDERED.


DATED: _____     _____
                             THE HONORABLE JANE J. BOYLE
                             UNITED STATES DISTRICT JUDGE

514034_1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JERRY RYAN, On Behalf of Himself and All Others Similarly Situated, | § § § | Civil Action No. 3:03-CV-01769-B **(Consolidated with 3:03-CV-01827-M; 3:03-CV-01846-M; 3:03-CV-02079-M)** |
| Plaintiff, | § § | **ECF** |
| vs. | § § | |
| FLOWSERVE CORPORATION, et al., | § § | |
| Defendants. | § § § | |

**[PROPOSED] ORDER APPROVING PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS**

This matter having come before the Court on May 11, 2010, on Plaintiffs' motion for approval of the Plan of Allocation of settlement proceeds in the above-captioned action; the Court having considered all papers filed and proceedings had herein; and otherwise being fully informed in the premises;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of December 18, 2009 (the "Stipulation"), and filed with the Court.

2.    Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Settlement Class Members and who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation.

3.    The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Settlement Class Members, with due consideration having been given to administrative convenience and necessity.  This Court hereby finds and concludes that the Plan of

- 1 -

Allocation set forth in the Notice is, in all respects, fair, reasonable, and adequate and the Court

hereby approves the Plan of Allocation.

      IT IS SO ORDERED.


DATED: _____      _____

                         THE HONORABLE JANE J. BOYLE
                         UNITED STATES DISTRICT JUDGE